[Decided June 28, 1894.]

## MANAUDAS v. MANN.
[S. C. 37 Pac. 55.]

APPEAL from Baker: MORTON D. CLIFFORD, Judge.

This is a suit by Joseph Manaudas to have the defendant Mann declared a trustee of the south twenty feet of lot number two, block number two, in Fisher's Addition to Baker City, to compel him to convey the same to plaintiff and to account for the rents and profits. The facts are, that on December thirty-first, eighteen hundred and seventy-seven, Mann, being the owner of said lot number two, sold, and by bond for a deed agreed to convey, the same to the plaintiff upon the payment of three hundred dollars, the balance of the purchase price, within three months from the date of the bond; that thereafter, and on the twenty-sixth of March, eighteen hundred and seventy-eight, the plaintiff, being largely indebted to the defendant Heilner and one Cohn, conveyed to them, as security for said indebtedness, and for the balance due

Mann, which they agreed to assume, a large amount of property, and directed the defendant Mann to convey to them the lot so bonded, which was accordingly done by a deed absolute in form, but which was understood and agreed between plaintiff and Heilner & Cohn to be a mortgage. On December nineteenth, eighteen hundred and seventy-nine, and before the time for redemption had expired, Heilner & Cohn sold and conveyed to Mann the property in dispute in this suit for the sum of six hundred and seventy-five dollars, ever since which time Mann has been in the possession of the same, and receiving the rents and profits thereof. The plaintiff being unable to arrive at a satisfactory settlement of his affairs with Heilner & Cohn, commenced a suit against them on the twelfth of September, eighteen hundred and eighty-one, for an accounting, and to compel them to reconvey to him all the property which had theretofore been conveyed to them as security for his indebtedness, and thereafter such proceedings were had that on June eleventh, eighteen hundred and eighty-five, a final decree was entered in said suit, in which it was adjudged and decreed that all said indebtedness to Heilner & Cohn had been fully paid, and it was further decreed that Heilner & Cohn should reconvey to plaintiff all of lot two in block two upon the payment to them of the sum of six hundred and seventy-five dollars, the amount received by them from Mann: *Manaudas* v. *Heilner*, 12 Or. 335, 7 Pac. 347.

As soon as the decree of the court was filed in the court below, the plaintiff, in compliance therewith, paid to Heilner & Cohn the sum of six hundred and seventy-five dollars, and received from them the deed to lot two, and immediately demanded possession from Mann, which being refused, he began an action to recover such possession. This action was pending in the courts for some

considerable time, but was finally dismissed upon plaintiff's motion, and this suit commenced against Mann and Heilner (Cohn having in the mean time died) to compel a conveyance of the property in dispute. A demurrer to the complaint being sustained in the court below, the decree was reversed in this court, and the cause remanded with permission to the defendants to apply for leave to answer, on condition that they deposit with the clerk the sum of six hundred and seventy-five dollars, and interest from the time it was paid to Heilner & Cohn by the plaintiff in pursuance of the decree made in June, eighteen hundred and eighty-five: . *Manaudas* v. *Mann,* 22 Or. 525, 30 Pac. 422. The defendants having complied with the order of the court, and made the necessary deposit, were permitted to answer, and denied some of the allegations of the complaint, and the defendant Mann for a further defense averred that the purchase by him from Heilner & Cohn was made in good faith, supposing them to be the owners of the property, and without knowledge of plaintiff's claim thereto, or that it was held only as security, and further, that the sale was made by the consent and direction of the plaintiff. The defendant Heilner admitted that he received from plaintiff the sum of six hundred and seventy-five dollars in pursuance of the decree of this court, but averred that he did not convey or intend to convey to him the property in question, and also that Mann purchased the same in good faith. The cause being at issue was referred to W. F. Butcher, Esq., to report the facts and the law. After hearing the testimony, the referee found that the sale to Mann by Heilner & Cohn was made with the knowledge and by the direction of the plaintiff; that. Mann was a purchaser in good faith and for value, and recommended that the complaint be dismissed as to him, but that plaintiff have a decree against Heilner for the six hun-

dred and seventy-five dollars paid to Heilner & Cohn on November fourteenth, eighteen hundred and eighty-five, with interest, and that the money on deposit be applied on said decree. The court below affirmed the report as to Mann, and decreed accordingly, but set it aside as to Heilner; dismissed the complaint and directed the clerk to pay the money on deposit to Heilner, and from this decree the plaintiff appeals.       REVERSED.

*Messrs. Rand & Shinn* and *John M. Gearin*, for Appellant.

*Messrs. Thos. H. Crawford, Frank L. Moore*, and *T. Calvin Hyde*, for Respondents.

Opinion by Mr. JUSTICE BEAN.

There are but two questions presented by this record, and they are: (1) Was the sale by Heilner & Cohn to Mann made by the direction and consent of the plaintiff; and (2) if not, was Mann a *bona fide* purchaser for value without notice? Both these are pure questions of fact, and while the findings of the referee and court below are in favor of the defendants, we have reached the conclusion, after a careful examination, that such findings are not sustained by the testimony. The defense that the sale was authorized by the plaintiff is made in this case for the first time, although this controversy in one form or another has been in the courts for more than ten years, and the circumstances by which the witnesses fixed the time when the alleged consent was given show clearly that it was long after the sale had been made. Hence, in view of these circumstances, and the fact that plaintiff unqualifiedly denied in his testimony that he ever authorized or was consulted about the sale, or knew anything about it until long afterwards, we are impelled to

the conclusion that it was made without his authority or consent. The defendants claim, and so testify, that Mann purchased the property in good faith, without any knowledge of the character in which Heilner & Cohn held it, or plaintiff's claim thereto; but in this they are contradicted, not only by the entire circumstances of the case, but by the positive testimony of disinterested witnesses, who testified unqualifiedly that Mann was informed of the condition of the title, and of plaintiff's rights, and advised not to buy; that he said he did not care anything about plaintiff, as Heilner was good to him for any money he might pay for the property. Without recapitulating the testimony, it is sufficient to say that in our opinion, from the overwhelming weight of the evidence, the defendant Mann took the deed from Heilner & Cohn with knowledge of the facts and circumstances under which they held the premises, and therefore took the title as a trustee for the plaintiff, and cannot claim the protection due to a *boda fide* purchaser. He stands in the shoes of Heilner & Cohn, and the plaintiff having established his right to the property as against them by the decree of this court (12 Or. 335, 7 Pac. 347), it necessarily follows that he must prevail in this suit.

The decree of the court below is therefore reversed, and a decree will be entered here that the defendant, Mann, within sixty days after the entry of the decree of this court in the court below, execute and deliver to the plaintiff a good and sufficient deed to the property in controversy free from all liens or incumbrances placed thereon, or suffered to be placed thereon, by him, and in case of a failure so to do the decree shall stand for such conveyance, and that plaintiff have judgment against him for the rental value of the said premises from November fourteenth, eighteen hundred and eighty-five, at fifteen dollars per month, amounting in the aggregate to the sum of one

thousand five hundred and fifty-five dollars and fifty cents, and against both defendants for his costs and disbursements in this suit.      REVERSED.